UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FASHONNUS FOY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-1222 |
| | ) |
| GUY PIERCE, Warden, | ) |
| | ) |
| Respondent. | ) |

## O R D E R

This matter is presently before the Court on Petitioner, Fashonnus Foy's ("Foy"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, Foy's § 2254 Petition is TRANSFERRED without any ruling on the merits of the Petition or other pending motions.

### Background

In April 2005, Foy was convicted of first degree murder in the Circuit Court of Cook County, Illinois, which is located within the Northern District of Illinois. He was sentenced to 40 year's imprisonment following another 20-year term of imprisonment for a total of 60 years' imprisonment. Foy is presently incarcerated in the Pontiac Correctional Center in the Central District of Illinois and filed the present § 2254 Petition in this district.

A §2254 Petition:

> [M]ay be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. §2241(d). Accordingly, both the Northern and Central Districts of Illinois have jurisdiction over this action. "[T]he district court for the district wherein such an application

is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Although Foy is incarcerated in the Central District of Illinois, he was convicted and sentenced in the Northern District of Illinois. His present claims that his Fifth Amendment rights were violated when the trial court allowed improper identification testimony and denied his right to confront of witnesses and that his Sixth Amendment right to effective assistance of counsel was also violated implicate his original conviction and sentence in the Northern District. Thus, the Court finds that the Northern District of Illinois is a more convenient forum for the hearing and determination of this habeas corpus action, particularly because the records of Foy's criminal proceedings may be found there, as may any witnesses and other participants in such proceedings. Accordingly, this Court TRANSFERS this matter to the Northern District of Illinois without addressing any of the pending motions.

ENTERED this 19th day of July, 2010.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge